Chief Justice Boyle
delivered the Opinion of tho Court.
Gn a demurrer to a» action by petition and sumsHctns, brought by the plaintiff, as assignee of a note purporting to be executed by the defendant and auother, the Circuit Court gave judgment for tho do-fondant; to which the plaintiff prosecutes this writ 'of error.
The ground upon which the Circuit Court suatained (lie demurrer is not explicitly stated in the record; arid as the note is for tiie direct payment of money, upon which the action by petition properly ]jeSj and the proceedings are in all respects strictly regular, except the action is brought against only one of the two persons who appear to have signed the note, we infer that to he the only ground upon t¡1R circuit court sustained the demurrer. Assutning this to be the only ground upon which that court decided, it is apparent that the court must have laboured under a mistake by not adverting to tho istinction between cases where all the persons who ought to join m an action upon a contract have not joined in bringing the action, and those cases in which all the persons who ought to be sued in such an action have not been joined as defendants. In cases of the former kind, if the defect is apparent on the face of the declaration, advantage may bo taken of it by demurrer, motion in arrest of judgment, or writ of error; but in cases where ail the persons are not joined as defendants, who ought to *131 have been joined the law is well settled that no advantage can bo taken of the nonjoinder, but by plea in abatement.
Sxvigert for plaintiff.
The judgment of the circuit court is, therefore, erroneous, and must be reversed with cost, and the cause be remanded that further proceedings be there had not inconsistent with this opinion.